**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| DENNIS PRATT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-133 |
| v. | ) ) | JURY TRIAL DEMANDED |
| DST SYSTEMS, INC., STEPHEN C. HOOLEY, JOSEPH C. ANTONELLIS, JEROME H. BAILEY, LYNN DORSEY BLEIL, LOWELL L. BRYAN, GARY D. FORSEE, CHARLES HALDEMAN, JR., and SAMUEL G. LISS, | ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on January 11, 2018 (the "Proposed Transaction"), pursuant to which DST Systems, Inc. ("DST" or the "Company") will be acquired by SS&C Technologies Holdings, Inc. ("Parent") and Diamond Merger Sub, Inc. ("Merger Sub," and together with Parent, "SS&C").

2.     On January 11, 2018, DST's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with SS&C.  Pursuant to the terms of the Merger Agreement, shareholders of DST will receive $84.00 per share in cash.

3. On February 7, 2018, defendants filed a preliminary proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of DST common stock.

9. Defendant DST is a Delaware corporation and maintains its headquarters at 333 West 11 Street, Kansas City, Missouri 64105. DST's common stock is traded on the NYSE under the ticker symbol "DST."

10.     Defendant Stephen C. Hooley ("Hooley") is Chairman of the Board, President, and Chief Executive Officer ("CEO") of DST.

11.     Defendant Joseph C. Antonellis ("Antonellis") has served as a director of DST since 2015.

12.     Defendant Domenic Colasacco ("Colasacco") has served as a director of DST since May 2015.

13.     Defendant Lynn Dorsey Bleil ("Bleil") has served as a director of DST since May 2014.

14.     Defendant Lowell L. Bryan ("Bryan") has served as a director of DST since May 2012.

15.     Defendant Gary D. Forsee ("Forsee") has served as a director of DST since May 2015.

16.     Defendant Charles Haldeman, Jr. ("Haldeman") has served as a director of DST since November 2014.

17.     Defendant Samuel G. Liss ("Liss") has served as a director of DST since May 2012.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.     Non-party Parent is Delaware corporation and a party to the Merger Agreement.

20.     Non-party Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of DST (the "Class"). Excluded from the Class are defendants herein and any person,

3

firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of December 31, 2017, there were approximately 59,270,830 shares of DST common stock outstanding.

24.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

28.     DST is a leading provider of specialized technology, strategic advisory, and

business operations outsourcing to the financial and healthcare industries.

29.     The Company assists clients in transforming complexity into strategic advantage by providing tools and services to help them stay ahead of and capitalize on ever-changing customer, business, and regulatory requirements in the world's most demanding industries.

30.     On January 11, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with SS&C.

31.     Pursuant to the terms of the Merger Agreement, shareholders of DST will receive $84.00 per share in cash.

32.     On February 7, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

34.     The Proxy Statement omits material information regarding DST's financial projections and the financial analyses performed by the Company's financial advisor, BofA Merrill Lynch.

35.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36.     With respect to the Company's financial projections, the Proxy Statement fails to

5

disclose: (i) the line items used to calculate Total EBITDA, Adjusted EPS, and Adjusted Net Income; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to BofA Merrill Lynch's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows that DST was forecasted to generate during DST's fiscal years 2018 through 2020 and corresponding line items; (ii) the terminal values for DST; and (iii) the specific inputs and assumptions underlying the perpetuity growth rates of 3.25% to 3.50% and the discount rates ranging from 9.00% to 11.25%.

38. With respect to BofA Merrill Lynch's *Selected Publicly Traded Companies Analyses*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by BofA Merrill Lynch in the analyses.

39. With respect to BofA Merrill Lynch's *Selected Precedent Transactions Analyses*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by BofA Merrill Lynch in the analyses.

40. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of Our Board of Directors and Reasons for the Merger; (iii) Opinion of DST's Financial Advisor; and (iv) Financial Forecast.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to DST's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and DST**

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Proxy Statement,

6

which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. DST is liable as the issuer of these statements.

44.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

48.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants acted as controlling persons of DST within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of DST and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

54.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

55.     As set forth above, the Individual Defendants had the ability to exercise control

over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: February 21, 2018                    Respectfully submitted

                                            CAREY, DANIS & LOWE

*/s/ James J. Rosemergy*
James J. Rosemergy (#MO50166)
8235 Forsyth Boulevard, Suite 1100
Clayton, MO 63105
(314) 725-7700 (telephone)
(314) 721-0905 (facsimile)
jrosemergy@careydanis.com

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305